**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: CIVIL CASES ASSIGNED TO UNITED STATES DISTRICT JUDGE STEVEN D. GRIMBERG | CIVIL CASE NO. 1:26-cv-04017-SDG |

## STANDING ORDER REGARDING CIVIL LITIGATION

This Standing Order is a must read. It will likely answer any question you may have during the pre-trial stage of this case about my procedures and preferences. It may very well also help you avoid tragic pitfalls. Please review and refer to it early and often.

To the extent this Standing Order conflicts with the Federal Rules of Civil Procedure or Local Rules of this Court, this Order controls. If a Magistrate Judge is assigned to this case, orders issued by that judge, rather than this Standing Order, govern while the case is pending before the Magistrate Judge.

You must comply with the Standing Order entered on the docket of your case, but you are not responsible for complying with any updated or amended version of the Standing Order that appears on the Court's website. However, if you *want* an updated or amended version of this Standing Order (or a provision therein) to apply to your case, you are welcome to do so with all parties' written consent. You may memorialize any such agreement by filing a notice of same on the docket of your case.

1

## **TABLE OF CONTENTS**

I.    Case Administration ............................................................................ 4

    a.    Communications with Chambers ............................................. 4

    b.    Courtesy Copies of Documents ............................................... 5

    c.    *Pro Se* Parties ......................................................................... 5

II.    Case Management ............................................................................... 6

    a.    Diversity Jurisdiction .............................................................. 6

    b.    Certificate of Interested Persons ............................................. 7

    c.    Responses to Pleadings ............................................................ 8

    d.    Motions and Briefs ................................................................. 8

    e.    Amended Complaints and Motions to Dismiss or
       Motions for Judgment on the Pleadings ................................. 9

    f.    Motions for Temporary Restraining Orders or
       Preliminary Injunctive Relief ................................................. 10

    g.    Electronic Filing of Exhibits and Attachments ..................... 11

    h.    Proposed Orders ..................................................................... 11

    i.    Extensions of Time ................................................................. 12

    j.    Enlargement of Page Limit ...................................................... 13

    k.    Conferences ............................................................................. 13

    l.    Oral Argument ........................................................................ 14

    m.    Courtroom Technology ........................................................... 14

    n.    Mediation ................................................................................ 15

    o.    Settlements .............................................................................. 16

2

III.    Discovery ........................................................................................................ 16

    a.    General Principles of Discovery ................................................................ 16

    b.    Rule 26(f) Conference and Joint Preliminary Report and
        Discovery Plan ......................................................................................... 17

    c.    Initial Disclosures ................................................................................... 18

    d.    Written Discovery Responses ................................................................... 18

    e.    Depositions ............................................................................................. 20

    f.    Discovery Disputes .................................................................................. 21

    g.    Discovery Period Extensions .................................................................... 23

    h.    Protective Orders and Motions to Seal ..................................................... 24

    i.    Expert Witness Disclosure and Discovery ................................................ 27

IV.    Summary Judgment ....................................................................................... 27

    a.    Successive Motions for Summary Judgment Prohibited ............................ 27

    b.    Record Citations ..................................................................................... 27

    c.    Statements of Undisputed or Disputed Material Facts ............................... 28

    d.    Failure to Respond to Motions for Summary Judgment ............................ 28

    e.    *Daubert* Motions ...................................................................................... 28

V.    Trial ............................................................................................................... 29

    a.    Consolidated Proposed Pretrial Order ...................................................... 29

    b.    Trial Order .............................................................................................. 30

    c.    Artificial Intelligence ............................................................................... 30

    d.    Feedback ................................................................................................. 31

Appendix A: Special Instructions for *Pro Se* Litigants ............................................. 33

I.     **Case Administration**

a.     **Communications with Chambers**

My Courtroom Deputy Clerk (CRD) is Danielle Brye, and she will be your principal point of contact with my Chambers, although one of my law clerks may also contact you from time to time. These communications will generally be oriented around scheduling or logistics. Please do not discuss the merits of the case through these informal communications unless authorized by this Standing Order or as otherwise directed. Please also note that we may file on the docket any written communication submitted to Chambers.

Email is our much-favored form of communication. It avoids *ex parte* communications (because you should always copy co- and opposing counsel on your emails) and helps us internally route the communication to the right person(s). CRD Brye's email address is: Danielle_Brye@gand.uscourts.gov.

Please always include the style of the case and case number in the subject line of your email, and if you are referring to a motion or other docket entry, please reference the title of that item and ECF number.

We generally try to email counsel to confirm availability in advance of scheduling a conference or hearing. ***This is a professional courtesy.*** Please return the courtesy by responding to the email within 24 hours. If you fail to do so, the conference or hearing will be scheduled without further notice.

If you wish to check on the status of a pending motion, please be mindful that our court is busy, one of the busiest federal district courts in the nation, and we are doing our best. You can realistically anticipate that any contested dispositive motion will take at least six months to resolve.

If there is a time-sensitive motion or other matter that you wish to bring to our attention, please copy my career law clerk, KJ Jones, on your email to CRD Brye. Ms. Jones's email is: Kristina_Jones@gand.uscourts.gov.

Although disfavored, if necessary, you may contact Chambers by telephone (404-215-1470), or by mail or hand delivery to the following address:

> The Honorable Steven D. Grimberg
> ATTN: Courtroom Deputy Danielle Brye
> 1701 United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303

### b.      Courtesy Copies of Documents

Courtesy copies of filings should not be provided to the Court unless requested.

### c.      *Pro Se* Parties

Specific procedures applicable to *pro se* parties are contained in the Appendix to this Standing Order and should be followed by individuals who are not represented by counsel, in addition to the provisions contained in this Standing Order itself.

II.     **Case Management**

a.      **Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction, and it is my responsibility to ensure that cases are properly in federal court. Subject matter jurisdiction is a predicate to my ability to hear your case. For cases based on diversity jurisdiction, if I enter an Order to Show Cause inquiring into a party's citizenship, it is your responsibility to properly allege that party's citizenship and the existence of subject matter jurisdiction.

To demonstrate diversity of citizenship as the basis for this court's subject matter jurisdiction, the complaint or notice of removal must sufficiently allege more than $75,000 in controversy and the *citizenship* of the parties. For domestic parties, this means *state* citizenship. I realize that often we think of citizenship in terms of countries, but for purposes of diversity jurisdiction, domestic parties must be *citizens* of different states. Citizenship for individuals for this purpose is equivalent to domicile, ***not to a person's residence***. *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (Domicile is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.").

One of the most common mistakes we see in originally filed complaints or notices of removal alleging diversity jurisdiction is reliance on allegations of a

6

party's *residence* rather than the party's *citizenship*. I recognize that these words may appear to say the same thing, but trust me, the Eleventh Circuit does not. If you fail to properly allege diversity of *citizenship*, your case will be dismissed or remanded.

The citizenship of an artificial entity depends on the form of the entity. You are advised to confirm, prior to making any jurisdictional allegation, how the citizenship of that specific entity is determined. *See generally* 28 U.S.C. § 1332(c). I have observed countless litigants struggle to properly allege the citizenship of a domestic LLC. The citizenship of the LLC is determined by the citizenship of each of its members and submembers until the Court is left with only individuals or corporations. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). It is irrelevant, for purposes of citizenship, under which state's laws the domestic LLC was formed.

### b.    Certificate of Interested Persons

Each party must file a certificate of interested persons and corporate disclosure statement (CIP) at the time of first appearance, using the current version of the form provided in the Court's Local Rules. *See* Local Rule 3.3(C). This is important to ensure that no conflict of interest exists and for me to assess (where necessary) whether the parties are of diverse citizenship. Please file your CIP

timely. Failure to do so may result in sanctions, up to and including dismissal or default.

### c.    Responses to Pleadings

If you are filing an answer to a complaint, counterclaim, crossclaim, or third-party complaint, you must copy into your answer the paragraph of the pleading to which you are responding and provide the answer to that paragraph immediately following.

A responsive pleading must admit or deny each of the averments of the adverse party's pleading. For example, if the complaint alleges, "A copy of the parties' contract is attached as Exhibit A," the defendant may not plead, "Defendant admits that Exhibit A is attached to the complaint," or "the document speaks for itself." Evasive denials such as these will be disregarded, and the averments to which they are directed will be deemed admitted.

### d.    Motions and Briefs

You need not file a motion and supporting brief as separate documents on the docket. Rather, you should consolidate your motion and brief into one document, and file it on the docket as a motion.

### e.    Amended Complaints and Motions to Dismiss or Motions for Judgment on the Pleadings

If, in response to a motion to dismiss or motion for judgment on the pleadings, a plaintiff properly files an amended complaint, the pending motion will be denied as moot. The defendant-movant must answer the amended complaint or file a renewed motion to dismiss (or similar motion under Fed. R. Civ. P. 12) within 14 days of the court's order. The plaintiff may not file a second amended complaint without leave of court or the consent of all opposing parties.

**If a plaintiff fails to timely respond to a motion to dismiss or motion for judgment on the pleadings, in whole or in part, the claim(s) that are the subject of that motion will be deemed abandoned and dismissed.**

During the pendency of a motion to dismiss (or similar Rule 12 motion) by any party, in whole or in part, all litigation activity is automatically stayed until I rule on the motion or otherwise direct, unless all parties agree in writing otherwise. This stay includes the Local Rule 16.1 conference, the Joint Preliminary Report and Discovery Plan, initial disclosures, and discovery. This stay does not apply to the parties soberly reevaluating the strength of their respective cases and seeking a resolution among themselves or with the assistance of a neutral. If you would like me to refer your case to a United States Magistrate Judge for mediation at any stage of the case, please see Section II.n. of this Standing Order.

If you believe good cause exists for any or all pretrial activity to continue or deadlines to remain in effect notwithstanding the pendency of a motion to dismiss (or similar Rule 12 motion), you may submit a request pursuant to the discovery dispute procedures outlined in Section III.f. of this Standing Order.

### f.    Motions for Temporary Restraining Orders or Preliminary Injunctive Relief

Any request for a temporary restraining order or for preliminary injunctive relief must be made by *separate* motion. If you request such relief only in the complaint or other pleading but fail to file a separate motion seeking the same, the request will not be considered until the merits of the case are addressed.

After filing such a motion, you should contact Chambers by email to request expedited consideration. If you do not reach out to us, we will presume that it is not time-sensitive for you. If your motion, in whole or in part, has been filed under seal, please attach the sealed filings to your email. If your motion seeks an *ex parte* temporary restraining order, please include a proposed order in your filing. Your email to Chambers should attach a Word version of all the proposed orders that you have filed. Please see more about proposed orders in Section II.h. of this Standing Order.

### g.    Electronic Filing of Exhibits and Attachments

You should make every effort to label all electronically uploaded exhibits and attachments according to their content. For example, documents should be uploaded as Ex. A: Smith Deposition; Ex. B: Employment Contract; Ex. C: Jones Letter, etc., rather than simply Ex. A, Ex. B, and Ex. C. When practicable, you should file documents in a text-searchable PDF format. Exhibits or attachments that are not referenced and relied on in the body of your submission will not be considered.

### h.    Proposed Orders

My practice is to enter many non-dispositive orders by docket entry only, with no "paper" order attached. The text of these docket entry orders will generally begin with: "ORDER (by docket entry only) . . . ." Please monitor the electronic docket of your case carefully so as not to miss an important deadline or instruction.

For this reason, you generally need not prepare and file a proposed order unless we request one. One exception to this is motions seeking *ex parte* temporary restraining orders (as referenced above). If a proposed order is submitted, please do not include the word "Proposed" in the title or any other words that would necessarily need to be deleted before entry. All orders submitted by counsel are proposed until and unless we've entered them. In other words, please prepare the

proposed order exactly as you would want it entered, save for my signature on it.

Please style the signature line as follows:

_____
Steven D. Grimberg
United States District Judge

Please email Chambers a Word version of your proposed orders.

### i.    Extensions of Time

I am responsible for moving cases towards a prompt and just resolution. To that end, I try to set reasonable but firm deadlines. Motions for extension of time, even if joint or unopposed, may not be granted as a matter of course. You may not stipulate to an extension of time that I have not approved, except those explicitly allowed elsewhere in this Standing Order.

If you are seeking an extension of time for any non-discovery related deadline, please file a motion and indicate in the title of the motion whether it is opposed or unopposed. The title of the motion should also indicate how many previous extensions of the same deadline have been sought and received, if any: for example, "Third Unopposed Motion for Extension of the Answer Deadline." Failure to do so may result in denial of the motion for this reason alone. For further information concerning discovery-related extensions, see Section III.g. of this Standing Order.

12

If a motion for extension of time is filed less than two business days prior to the deadline, you should follow the procedure for time-sensitive motions outlined in Section I.a. of this Standing Order.

### j.    Enlargement of Page Limit

If you are seeking an enlargement of the page limit on a brief or objections to a Report and Recommendation, you must file a motion requesting same at least two business days in advance of the filing deadline explaining the circumstances necessitating additional pages. Your motion should indicate whether the opposing party consents to the request for additional pages, and if so, whether a corresponding request for additional pages is being made for subsequent response and/or reply briefs. Please follow the time-sensitive motion process in Section I.a. of this Standing Order if your brief or objections are due in less than two business days.

If you file a motion to enlarge the page limit simultaneously with the enlarged brief or objections, or worse, never seek leave to do so at all, your brief or objections may be stricken without notice.

### k.    Conferences

I try to make myself as available to counsel as practicable. You are encouraged to request a conference with me at any time if you believe it will help move the case along. To do so, please contact Chambers as outlined in Section I.a.

13

of this Standing Order. For discovery-related conferences, please reference Section III.f.

### l.    Oral Argument

We review all dispositive motions with an eye towards whether oral argument would be helpful in resolving the matter or clarifying the issues in dispute. That said, you are welcome to request oral argument by filing a standalone motion requesting same, ideally at the same time as the underlying motion or response thereto.

In my experience, civil litigators do not get enough court appearances, especially early in their careers, and I want to do my part to correct that gap. If you represent in your motion for oral argument that an attorney with less than five years of experience will conduct the oral argument (or a substantial part thereof), I will most likely grant the motion for oral argument.

### m.    Courtroom Technology

My courtroom has various electronic equipment available to counsel for use at trial or hearings, and oftentimes counsel do not take enough advantage of the tools available to enhance their presentations. It is your responsibility to make sure you know *in advance of the hearing or trial* how to use the equipment available, to have the cables necessary to hook up your equipment, and to ensure that your equipment will interface with the Court's technology. Please contact CRD Brye if

you wish to set up an appointment to do so. As with all things technology-oriented, however, please always be prepared to proceed without the benefit of the courtroom technology if necessary.

If you do not have an Attorney Identification Card (*i.e.*, a Blue Card) for our courthouse, I encourage you to get one. More information can be found on our court's website, at: gand.uscourts.gov/attorney-identification-id-card.

Without a Blue Card, you must file a motion and proposed order if you would like to bring *any* electronic equipment into the courthouse for a scheduled hearing or trial, including cell phones, laptop computers, electronic tablets, cords, or cables. The proposed order should identify the person(s) seeking to bring in the electronic equipment, specify the type of equipment and date(s) of the hearing or trial to which you desire to bring the equipment, and identify the courtroom (mine is generally Courtroom 1706) to which the equipment will be brought. The motion and accompanying order should be filed at least two business days prior to the hearing or trial, and you should email a Word version of the proposed order to CRD Brye.

### n. Mediation

You are encouraged to mediate and to do so as early as practicable. The earlier you do so, the more likely it is that I will agree to stay discovery and other pretrial deadlines during the pendency of mediation.

Our court has a terrific program that allows me to refer parties to mediation before a United States Magistrate Judge pursuant to Local Rule 16.7(B). There is no cost for this mediation service, and our magistrate judges have an excellent track record of resolving cases. Requests to mediate before a magistrate judge may be made jointly or *ex parte* by emailing Chambers.

### o.  Settlements

If you reach a tentative settlement or agree to a settlement in principle but have not yet completed all steps necessary to document the settlement, please notify Chambers immediately. This helps us to potentially avoid expending unnecessary time and resources on a case that is likely going away. You may do so by filing a Notice of Settlement on the docket or by emailing Chambers. The sooner the better. Please.

## III.  Discovery

### a.  General Principles of Discovery

In conducting discovery, your guiding principles should be three "C's": courtesy, candor, and common sense. I cannot emphasize enough the importance of stepping away from your keyboard and engaging with opposing counsel face-to-face (in person or by videoconference) or at least by phone to resolve discovery issues. I realize you are busy and firing off a passive-aggressive email may feel good in the moment, but in the end you will likely regret it. I am amenable to

16

imposing sanctions on counsel who demonstrate a lack of professionalism of any variety, including repeated non-responsiveness.

###    b.    Rule 26(f) Conference and Joint Preliminary Report and Discovery Plan

Notwithstanding Local Rule 16.1, parties by agreement may conduct their Rule 26(f) Conference by videoconference rather than in person. Parties by agreement may also extend the date by which the Rule 26(f) Conference is completed. However, extensions for filing the Joint Preliminary Report and Discovery Plan (Joint Report) must be requested by motion.

After the Joint Report is filed, I will generally enter a Scheduling Order by docket entry. For this reason, it is unnecessary to submit a proposed order with your Joint Report unless you are requesting specific intervening discovery deadlines (such as deadlines for expert discovery, etc.). I will rarely authorize an initial discovery period that is longer than six months (unless the case is initially assigned to an eight-month track). If you would like a scheduling conference (which generally will be held by Zoom), please request one in your Joint Report and email Chambers. Neither the timing of a conference nor entry of the Scheduling Order delays the start of discovery, so whether you hear from us or not please get started because time is of the essence.

### c.      Initial Disclosures

Initial disclosures should be as complete as practicable based on the information reasonably available at the time of disclosure. Responses may not be reserved for later supplementation. Parties by agreement may extend the date by which initial disclosures are exchanged.

### d.      Written Discovery Responses

The Federal Rules prohibit boilerplate and general objections in response to written discovery requests, and I agree. Please do not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product protection, overly broad/unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

You should not include in response to a discovery request a "Preamble" or a "General Objections" section stating that you object to a discovery request "to the extent that" it violates some rule pertaining to discovery. Instead, you must respond to each individual discovery request with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the party on which the discovery response is served (or me) to know exactly what objections have been asserted to each request. For this reason, if a discovery dispute with general objections comes to me for

resolution, I will disregard all objections that are not specifically tailored to the discovery request at issue.

If you object in part and respond in part to a discovery request, you must indicate whether the response is complete, *i.e.*, whether additional information or documents would have been provided but for the objection(s). For example, you may not raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . . ." unless you expressly indicate whether additional information would have been included in the response but for the objection(s).

If a privilege objection is made, the claim must be supported by a privilege log or statement of particulars sufficient to enable the requesting party (and me) to assess the validity of the claim. In the case of a document, the privilege log or statement should specify the privilege relied on and, when available, generally include: the date, title, subject, and purpose of the document; the name and position of the author; and the names and positions of all the recipients. In the case of an oral communication, the privilege log or statement should include the privilege relied on and generally identify: the date, place, subject, and purpose of the communication; and the names and positions of all individuals present.

You are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33, but the parties by

19

agreement may vary from those rules. Parties by agreement may also extend the date by which written discovery responses are due.

### e.    Depositions

Barring extraordinary circumstances, all parties should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed.

If the parties enter into stipulations at the beginning of a deposition, the terms of each stipulation should be fully stated on the record. General stipulations such as "all objections except as to form are reserved" or "the usual stipulations" are disfavored.

Objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege or witness harassment, instructions not to answer are rarely justified and may lead to sanctions. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. Please try to resolve deposition objections without my involvement; I will rarely be available to address issues in the midst of a deposition, so your best bet is to make a record and raise the issue afterwards by utilizing the discovery dispute procedure set forth in Section III.f. of this Standing Order.

### f.      Discovery Disputes

You must confer with the opposing party in good faith before bringing discovery disputes to my attention. The duty to confer is *not* satisfied by simply sending a written document (*e.g.*, email or letter) to the opposing party, *unless* repeated attempts to confer by telephone, videoconference, or in person are unsuccessful. As noted previously, repeated instances of non-responsiveness are a valid ground to seek sanctions.

The filing of discovery-related motions against a party to the litigation (except for unopposed, consent, or joint motions) is prohibited. This prohibition includes motions for discovery-related sanctions. Instead, please email Chambers a statement outlining your position and request a conference with the Court. All parties must be copied on such emails. Unless the issues are complex or numerous, the statement should not exceed 3 pages, as its purpose is simply to apprise me of the issue(s). It is not intended as a substitute for full briefing. You may attach to your email particularly pertinent exhibits if you wish (such as an excerpt of the discovery requests and the responses or objections in dispute), but please do not inundate us with voluminous exhibits. Again, the purpose of the written statement is simply to flag the issues and determine whether a conference or formal briefing is necessary. The opposing party may email a responding statement, subject to the

same limitations, no later than 24 hours before a scheduled conference on the matter or as I otherwise direct.

Please note that the statements you submit, and the exhibits you attach, will generally not be placed on the docket. If you wish to preserve these items as part of the record, you may enter them on the docket with the lead document titled "Notice of Filing," describing the items you have attached. To the extent you wish some or all of these filings to be sealed, please reference Section III.h. of this Standing Order.

Following receipt of a discovery-dispute statement, we will either provide further instructions via email or docket entry, or we will schedule a conference (generally by Zoom). During the conference, I will try to resolve or rule on the dispute without the necessity of formal briefing, if practicable. The conference will be transcribed by a court reporter like any other hearing.

If a dispute between a party and a non-party arises (*e.g.*, a disagreement regarding a third-party subpoena), the party must promptly inform the non-party of this discovery-dispute policy. In raising the discovery dispute with the Court, both the party *and* the non-party must follow the same procedure detailed above. If a non-party fails to provide any response at all to a properly served subpoena, the party issuing the subpoena must file a formal motion seeking relief and alert Chambers to the filing via email so that the motion can receive prompt attention.

### g.    Discovery Period Extensions

Please formulate your discovery plans early to facilitate the completion of necessary discovery before the close of the discovery period. That said, if all parties agree that an extension or reopening of the discovery period is necessary, please file a consent motion. The consent motion should state: (1) the original (and, if applicable, current) date from which the extension or reopening is being sought; (2) the number of previous requests for extensions or reopenings that have been made, if any; and (3) why the extension or reopening is needed to complete identifiable tasks. Failure to do so may result in denial of the extension request for these reasons alone.

The parties may agree in writing and without the necessity of seeking Court approval to complete certain discrete discovery items out of time, such as conducting a particular deposition or responding to certain outstanding written discovery requests, if it will not otherwise disrupt pending Court deadlines (such as the dispositive motion or proposed pretrial order deadline).

Where requests to extend or reopen the discovery period are not made by consent, or are otherwise opposed, the requesting party should provide the same information outlined above but make the request using the discovery dispute procedure outlined in Section III.f. of this Standing Order.

Absent extraordinary circumstances, requests or motions for extension of discovery must be filed prior to the expiration of the existing discovery period. Failure to do so may result in denial of the request for that reason alone.

### h.       Protective Orders and Motions to Seal

The parties may jointly seek by motion the entry of a protective order concerning discovery materials, or they may file an agreed-upon stipulation on the docket. However, subsequent opinions and orders entered in the case may publicly disclose material that has previously been designated by a party or the parties as confidential or filed under seal if I determine that such designation or sealing is not warranted under the circumstances. Additionally, if any party wishes to challenge a confidentiality designation, the party must follow the Court's discovery dispute procedure set forth in Section III.f. of this Standing Order, notwithstanding any contrary procedure agreed-upon by the parties, even if that procedure is memorialized in a protective order that has been entered on the docket.

Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file documents containing confidential information should first consult with the party who designated the document as confidential to determine if some less restrictive measure than filing the document

24

under seal may provide adequate protection. Any motion to file under seal should indicate whether it is by consent, unopposed, or opposed.

In the absence of a protective order entered by the Court, to request to file material under seal, counsel should follow the procedures described in the Local Rules and consult the Court's Procedures for Electronic Filing Under Seal in Civil Cases, which can be found at: www.gand.uscourts.gov/cv-sealed-procedures. These procedures require filing an *un*redacted version of the document as provisionally under seal *and* publicly filing a redacted version of the document, in addition to the motion to file under seal. Counsel are encouraged to email the unredacted version of all sealed filings to Chambers simultaneously with their filing.

When filing the *un*redacted, provisionally sealed document, counsel should use the CM/ECF event code "Notice of Filing." The Notice of Filing should be the lead document, and the brief and **all** supporting documents should be included as exhibits to the notice. For example, if the party is requesting that Exhibit A to a Motion for Summary Judgment and a portion of the memorandum of law in support of the motion be filed under seal, the Notice of Filing Sealed Document should attach as exhibits: the motion for summary judgment, the unredacted supporting memorandum of law, Exhibit A, and all other exhibits to the motion. If you are filing documents under seal pursuant to a protective order that has been

entered by the Court, *no motion to file under seal is necessary*. The Notice of Filing should indicate the applicable provision of the protective order under which the documents are being sealed. You also need not file a motion to file under seal information that is required to be redacted by NDGa Standing Order Nos. 04-02 and 08-02, including Social Security numbers, names of minor children, dates of birth, street addresses, and financial account numbers.

These instructions do not apply to parties appearing *pro se*. For *pro se* litigants, motions to seal must be filed with the Clerk of Court in person or by mail. In such instances, the material subject to the request to seal should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

The party filing the motion to file under seal should clearly indicate the type of material the party is seeking to seal and the justification for protecting that material from disclosure. Please note that sealing motions will not be granted as a matter of course, and I will only do so on a showing of good cause. Given the public's interest in disclosure, good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive commercial information.

### i.    Expert Witness Disclosure and Discovery

Absent explicit deadlines provided in the scheduling order, expert witnesses must be disclosed at least 60 days prior to the close of the discovery period, and rebuttal experts must be disclosed within 30 days of the initial expert disclosure. There is no separate "expert discovery period" that follows fact discovery unless explicitly provided in the scheduling order.

## IV.    Summary Judgment

### a.    Successive Motions for Summary Judgment Prohibited

The filing of piecemeal or successive motions for summary judgment by a single party is prohibited, absent prior permission. This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case. This prohibition also is not triggered when, as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b) or 12(c) as a summary judgment motion.

### b.    Record Citations

Record citations should be made only in the statement of undisputed (or disputed) material facts or responses thereto (hereinafter collectively referred to as "SMFs"). Summary judgment briefs should cite only to the relevant numbered paragraph(s) of the SMFs, not the underlying record.

### c.      Statements of Undisputed or Disputed Material Facts

Opening SMFs are each limited to 25 pages absent prior permission of the Court. A party responding to SMFs should copy the statement to which it is responding and provide its response to that statement immediately following. Failure to do so will render the statement as admitted.

### d.      Failure to Respond to Motions for Summary Judgment

I require a written response to all motions for summary judgment. If you do not wish to contest it, then say so, but a written response is required. If you fail to respond, you will be subject to sanctions for failure to follow a court order, including but not limited to possible dismissal of the claim(s) or defense(s) that are the subject of that motion.

### e.      *Daubert* Motions

Absent an explicit deadline in the scheduling order, parties should file any *Daubert* or other expert witness-related motion no later than the dispositive motion deadline. The parties should state explicitly in their respective briefings whether they believe an evidentiary hearing is required to resolve any issues related to expert witnesses.

## V.    Trial

### a.    Consolidated Proposed Pretrial Order

A consolidated proposed pretrial order must be filed by the parties within 30 days after the close of discovery or a ruling on all remaining dispositive motions, whichever is later. In listing witnesses and exhibits in the proposed pretrial order, a party may not reserve the right to supplement the list and may not adopt another party's list by reference. Witnesses and exhibits not identified in the proposed pretrial order may not be used during trial, (1) unless the witness or exhibit is solely for impeachment or rebuttal and could not have been anticipated in advance, or (2) to prevent a manifest injustice.

By written agreement of all parties, you may file a streamlined proposed pretrial order that does not include, or varies from, the items set forth in Local Rule 16.4(B) (except for the witness and exhibits lists referenced above). In making this determination, you should consider the deadlines that will be set forth in my subsequent Trial Order (see Section V.b. of this Standing Order).

Counsel must file any Notice of Leave of Absence requests on the docket no later than the filing of the consolidated proposed pretrial order. Counsel may include on this Notice any dates that conflict not only for themselves, but also for their clients or designated client representatives, as well as key witnesses. The trial and pretrial conference will be scheduled thereafter without further notice. Best

efforts will be made to avoid conflicting dates, but given competing scheduling demands this cannot be guaranteed. For this reason, you are encouraged to only include dates in your Notice that are truly in need of protection.

### b.    Trial Order

Following the parties' filing of their consolidated proposed pretrial order, I will enter a Trial Order. The Trial Order will schedule a final pretrial conference and trial date. It will also set deadlines and provide instructions for motions in limine briefing, proposed voir dire, proposed jury charges, and the submission of final exhibit lists and witness lists to Chambers. Read this Trial Order carefully after it is entered in your case and internally calendar for yourself the deadlines, because you will be bound to them. I will address any questions you have about trial procedure during the Pretrial Conference.

If you want to get a jump start, a template Trial Order is available on the Court's website at https://www.gand.uscourts.gov/DJdir/SDG. The Trial Order entered on the docket of your case at the appropriate time will control over the Trial Order on the Court's website, to the extent they conflict.

### c.    Artificial Intelligence

Many courts and individual judges around the country have entered specific rules or procedures concerning the use of artificial intelligence tools. My rule is simple: You can use whatever AI tools you like, but only human beings will

be held responsible for the outcome. So, if a pleading or paper that is filed in a case contains factual or legal errors, the party and lawyers who filed it will be held responsible. This includes each and every lawyer listed on the signature block of the filing. Govern yourself accordingly, as they say.

### d. Feedback

I am asked from time to time by counsel who have appeared in my courtroom for a hearing or trial to provide feedback on how they did. My answer is always yes. But if the case is still pending, or if there is an actual or potential appeal pending, my feedback will necessarily be limited to the non-case related performative aspects of the presentation rather than the underlying merits. If you would like to schedule such a meeting, either in person or by Zoom, please email Chambers.

By the same token, I do not receive enough (honest) feedback in this job. If you have any constructive feedback to provide, whether it's about this Standing Order or an experience you have during the course of your case, I welcome you emailing it to Chambers. Please refrain from doing so until your case (and any other case you may have before me) is fully and finally resolved, including potential appeals.

I look forward to working with you to achieve an efficient and just resolution of this case.

**SO ORDERED** this 22nd day of July, 2026.

_____
Steven D. Grimberg
United States District Judge

**APPENDIX A:**
**SPECIAL INSTRUCTIONS FOR *PRO SE* LITIGANTS**

Parties proceeding *pro se* (without an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as well as the Court's Local Rules ("NDGa LR"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov.

Litigants are generally prohibited from engaging in *ex parte* communications with the Court. "*Ex parte* communications" means any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. If a litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.

A *pro se* litigant is required to (1) provide the Clerk with an **original** of any further pleadings or other papers filed after the Complaint, and (2) **serve** on the opposing party or party's counsel, by mail or hand delivery, a copy of every additional pleading or other paper described in Fed. R. Civ. P. 5. Once counsel for the opposing party has appeared in the case, the opposing party should not be served individually; service should be made directly on the opposing party's

counsel. The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court.

Each pleading or paper described in Fed. R. Civ. P. 5 shall include a certificate stating the date on which an accurate copy of that document was served. This Court may disregard any papers that have not been properly filed with the Clerk, or that do not include a certificate of service. *Pro se* litigants are also advised that, under NDGa LR 7.1, if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. Further, under NDGa LR 56.1(B)(2)(a)(2), if a respondent to a motion for summary judgment contests facts included in the movant's statement of material facts, the respondent must file, along with the response brief, a response to the movant's statement of material facts, otherwise the Court will deem the movant's facts as admissions.

*Pro se* litigants are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. NDGa LR 83.1(D)(3) provides that parties appearing *pro se* have a duty to notify the Clerk's Office by letter of any change in address or telephone number. A *pro se* litigant's failure to do so where such failure "causes delay or adversely affects the management of a case" may be subject to sanction by the Court. *Pro se* litigants are encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of court filings

35

and discovery. *Pro se* litigants are advised, however, that the Court serves papers via regular mail only and not via email.